Nathaniel **CARTER**, Plaintiff-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Defendant-Appellee.

No. 28894

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 26, 1970.

Nathaniel Carter, pro se.

Crawford C. Martin, Atty. Gen., State of Texas, Austin, Tex., Charles R. Parrett, Asst. Atty. Gen., Austin, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ This is an appeal from an order of the District Court denying the petition of Carter for the writ of habeas corpus. We affirm.[1]

Carter is serving a sentence of 17 years, 6 months, having been convicted by a jury of assault with intent to murder. The Texas Court of Criminal Appeals affirmed.[2]

Carter was denied habeas corpus relief without an evidentiary hearing by the state trial court, which made findings of fact and conclusions of law based upon the trial record. The Court of Criminal Appeals denied relief without written order.

In his habeas petition filed in the District Court, Carter contends, as he did in the state court, that arresting officers conducted an illegal search by photographing the interior of his home, which photographs were introduced into evidence at his trial, and that the trial court suppressed evidence favorable to Carter. The District Court denied relief, finding from the record that the photographing was not in violation of Carter's constitutional rights and that no evidence favorable to Carter was suppressed. The court below found further that the findings of the state court are amply supported by the record.

■ The facts are undisputed. The assault for which Carter was convicted occurred in his home in the presence of the arresting officers who had been called in by Carter to arrest another person who was there at the time. The pictures admitted into evidence were not the fruits of a search, but were photographs of the scene of the crime made following the attempted murder and Carter's arrest. Clearly, there is no merit to Carter's contention of an illegal search.

■ Nor is there merit to the contention that the trial court suppressed evidence favorable to the defense. Carter alleges that his counsel offered in evidence a letter written by the arresting officer to the chief of police, but that

1. Pursuant to our Rule 18 this case is decided without oral argument.

2. Carter v. State of Texas, 1967, 420 S.W. 2d 418.

**244**

the trial court rejected the offer. On the contrary, the record establishes that a copy of the letter was given to the defense, but that neither party attempted to introduce it into evidence or use it for cross-examination.

There being no error the judgment is Affirmed.